Mark L. Stermitz
Matthew A. Baldassin
CROWLEY FLECK PLLP
305 South 4th Street East, Ste. 100
Missoula, MT  59801
Telephone: (406) 523-3600
Fax: (406) 523-3636
mstermitz@crowleyfleck.com
mbaldassin@crowleyfleck.com

*Attorneys for Comerica Bank*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| MASTERS GROUP INTERNATIONAL, INC., | Case No.: _____ |
| Third-Party Plaintiff [Now Plaintiff], | |
| v. | |
| COMERICA BANK, | |
| Third-Party Defendant [Now Defendant]. | |

## NOTICE OF REMOVAL

Comerica Bank ("Comerica"), by its counsel, hereby removes the above-captioned action from the Montana Second Judicial District Court for Silver Bow

County to the United States District Court for the District of Montana on the grounds of diversity of citizenship jurisdiction under 28 U.S.C. § 1332, and as authorized by 28 U.S.C. §§ 1441 and 1446. The complaint is attached hereto (with other state court process, pleadings and orders) in Tabs 1 and 2.

As grounds for removal, Comerica states as follows:

## I. INTRODUCTION

This removable matter evolves from a previous case that the Supreme Court of Montana has adjusted to properly reflect the only existing parties—Masters Group International, Inc. ("Masters") and Comerica. Complete diversity exists between these parties. The plaintiff, Masters, was at the time of filing of the Masters Complaint (defined below), a Delaware corporation with its principal place of business in Michigan. Based on a June 8, 2015, certificate, Masters recently merged its Delaware corporation into Masters Group II International, Inc., a Montana corporation and alleges Montana as a principal place of business. Accordingly, for purposes of determining diversity jurisdiction, Masters is a citizen of Montana, Delaware, and Michigan. The defendant, Comerica, was at the time of filing of the Masters' Complaint, and is at the time of this Notice of Removal, a Texas banking association with its principal offices located in Dallas, Texas. Therefore, it was and is a citizen of Texas under 28 U.S.C. § 1332(c)(1). Comerica is not a citizen of Montana. The previous case included Butte Local Development

Corporation ("BLDC") as a purported plaintiff suing Masters on what was revealed to be a sham dispute. The development of that case unequivocally established that BLDC's claim against Masters was uncontested—from the date of filing through trial, in which Masters encouraged a judgment against Masters in favor of BLDC. Indeed, Masters told the jury to award BLDC the full amount requested, and after the jury did so, Masters did not appeal. As shown below, the initial case was based on a manufactured dispute between BLDC and Masters for the sole purpose of thwarting Comerica's federally-created right to remove based on diversity of citizenship.

## II.   STATE COURT ACTION

1. On or about October 24, 2011, BLDC filed a Complaint against Masters (the "BLDC Complaint") in the Montana Second Judicial District Court for Silver Bow County (the "State Court Action"). The State Court Action was assigned case number DV-2011-372.

2. The BLDC Complaint sought recovery of $215,398.30 plus interest and costs pursuant to a Loan Agreement and several promissory notes executed between BLDC and Masters. Tab 3, BLDC Complaint, ¶ 23.

3. Masters thereafter filed its answer to the Complaint on November 16, 2011, and simultaneously filed a Third-Party Complaint against Comerica (the "Masters Complaint") seeking damages and punitive damages under seven counts,

including a claim for breach of contract and several tort claims and alleging $20–30 million dollars in damages.  *See generally* Tab 4, Masters' Complaint, *passim*.

4. In an agreement dated November 30, 2011, BLDC and Masters recited "Masters acknowledges its indebtedness to BLDC in an amount to be determined."[1]  Tab 5, Agreement, at Recitals, p. 1.  They further agreed that the only opportunity for Masters to repay BLDC would be "a successful recovery against Comerica."  *Id*.  The recitals conclude with the following statement of intent: "Masters desires to assure payment to BLDC from any recovery or settlement which Masters may obtain against Comerica."  *Id*.

5. Paragraph 3 of the Agreement required BLDC to assist Masters in preventing Comerica from exercising its right to remove Masters' lawsuit:

> 3. <u>Cooperation in Litigation.</u>  Subject to its obligation to act legally and ethically, BLDC agrees to cooperate with Masters in the litigation and support it in connection with retention of the litigation in Montana district court and in Montana.  The parties agree the current jurisdiction and venue of the litigation is appropriate, notwithstanding the addition of Comerica as a third party defendant, and that it is in their mutual interests that the litigation remain [sic] in its current venue and in Montana.  **In the event Comerica attempts to challenge jurisdiction or venue in Montana or to remove the case from state court, BLDC agrees it will cooperate and support Masters in its resistance to any such effort by Comerica.**

*Id*.

---

[1] Comerica has information that tends to show that the Agreement was reached before BLDC brought suit.

4

6. Finally, paragraph 4 required BLDC to obtain Masters' written consent to any settlement or assignment of any claims against the other or Comerica.

> 4. <u>No Separate Resolution</u>. Masters and BLDC agree that in order to preserve the intention, spirit and benefit of this Agreement, neither will settle, assign or compromise any claim either has against each other or against Comerica without the written consent of the other party.

Tab 5, Agreement, p. 2 (emphasis added).

7. Comerica received the Masters/BLDC agreement in discovery on August 20, 2012. Thereafter, Comerica offered to pay BLDC the full amount of its claim against Masters, in exchange for an assignment of the claim.[2]

8. Instead of accepting Comerica's offer, BLDC sought Masters' consent to its acceptance of the offer. Masters objected and its counsel wrote a cease and

---

[2] On November 12, 2012, Masters obtained a guaranty of payment for BLDC from its former shareholder Larry F. Pratt:

> To the extent Masters does not recover and pay, through litigation, judgment, settlement otherwise, the full amount owing to Lender under the Loan, including principal, interest, attorney fees, costs and expenses ("the Loan Balance"), Guarantor unconditionally agrees to pay immediately when due an amount equal to the difference in the amount so obtained and the Loan Balance. The Loan Balance will be due, without notice, 15 days after any settlement, final judgment no subject to appeal, or other resolution of Masters' claims against Comerica Bank if the Loan is not fully satisfied through such settlement, judgment, litigation, or otherwise.

Tab 6, Guaranty, p. 1. At the same time the Masters/BLDC agreement was amended to provide for continued forbearance by BLDC. *See* Tab 7, Amended Guaranty.

desist letter to Comerica's counsel, even accusing Comerica of tortiously interfering with Masters' agreement with BLDC:

> This letter serves to place Comerica on notice that Masters considers this conduct by Comerica to be a deliberate, improper, and tortious interference with Masters' *relationship* with BLDC.  You are requested to advise your client to cease and desist from further efforts *to harm Masters*.

Tab 8, Letter from Timothy Strauch to Rob Cameron & K.D. Feeback (Oct. 11, 2012) (emphasis added).

9. On October 12, 2012, Comerica filed a petition for removal based on fraudulent misjoinder (Case No. CV 12-71-BU-DLC).[3]  On November 28, 2012, this Court granted Masters' motion for remand on the grounds that a third-party defendant does not have the right to remove.

10. Trial commenced on January 6, 2014.  In closing argument, Masters instructed the jury that "you should award BLDC every penny it's asked for [against Masters] . . . . So there's no reason to do anything less than what BLDC has asked you, which is to pay every penny of principal, interest and fees, and we will pay it if we get an award." Tab 9, Trial Tr., 1708:13–14.

---

[3] This case was identified as a related case on the civil cover sheet accompanying this notice of removal.

11. On January 17, 2014, the jury found Masters liable to BLDC for $275,251.09 (the "BLDC Judgment") and found Comerica liable to Masters for a total of $52,037,593.

12. Comerica filed a notice of appeal requesting reversal of the judgment entered against Comerica and in favor of Masters.

13. Neither Masters nor BLDC filed any appeal of the BLDC Judgment.

14. In an April 29, 2014 order, the Montana Supreme Court directed that BLDC be excluded from the case caption. *Masters Group Int'l, Inc. v. Comerica Bank*, (Mont. April 29, 2014).

15. On July 1, 2015, the Montana Supreme Court reversed the judgment against Comerica and remanded this case for a new trial. Tab 10, Opinion, p. 51. The Opinion specifically stated that it did not affect the BLDC Judgment. *Id.* The BLDC Judgment is final.

16. On July 15, 2015, Masters filed a Petition for Rehearing. On August 4, 2015, the Montana Supreme Court denied Masters' Petition for Rehearing.

17. On August 5, 2015, the Montana Supreme Court issued Remittitur of the case, listing Masters and Comerica as the only remaining parties. Tab 11, Tab 1.

18. The Remittitur eliminated any reference to BLDC for the remanded case. *Id*. Thus, upon remand, BLDC is no longer a party to this case.

7

19.     Accordingly, Masters is now the plaintiff in this case and Comerica is now the defendant.

## III.     DIVERSITY JURISDICTION

20.     The Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332.  There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

21.     The parties are citizens of different states.

a.     The plaintiff, Masters, was at the time of filing of the Masters Complaint, a Delaware corporation with its principal place of business in Michigan.  Based on a June 8, 2015 certificate, Masters recently merged its Delaware corporation into Masters Group II International, Inc., a Montana corporation but retaining the name Masters Group International, Inc.  Masters further alleged a change in its principal place of business from Michigan to Montana.  Accordingly, for purposes of determining diversity jurisdiction, Masters is a citizen of Delaware, Montana, and Michigan.[4]

b.     The defendant, Comerica, was at the time of filing of the Masters' Complaint and is at the time of this Notice of Removal a Texas banking association with its principal offices located in Dallas, Texas.  Therefore, it was

---

[4] At the time of the filing of the Masters Complaint, Masters was a citizen of Delaware and Michigan.

and is a citizen of Texas under 28 U.S.C. § 1332(c)(1). Comerica is not a citizen of Montana.

22. The alleged amount in controversy exceeds $75,000, exclusive of interests and costs. Although Comerica denies that it has any liability to Masters, Masters alleges more than $75,000, exclusive of interest and costs, in controversy.

## IV. PROCEDURAL REQUIREMENTS

23. <u>Removal Is Timely</u>. Removal is timely as this case was removed within thirty (30) days of commencement of the case or thirty (30) days from the date Comerica first received a paper (the August 5, 2015 Remittitur) from which it could ascertain that the case is one which is or has become removable. *See* 28 U.S.C. § 1446(b). The one-year time limit is not applicable because Masters acted in bad faith to prevent removal.

24. <u>Removal To Proper Court</u>. This Court is the "district and division" embracing the place where the State Court Action was filed—Silver Bow County, Montana—and as such, is the proper venue for removal. 28 U.S.C. § 1446(a).

25. <u>Pleadings and Process</u>. Attached hereto is a copy of process, pleadings, and orders received by Comerica in the State Court Action. *See* 28 U.S.C. § 1446(a); (attached at Tabs 1 & 2).

26. <u>Notice</u>. A copy of the Notice of Filing of Notice of Removal will be filed with the clerk of the state court in which the State Court Action is pending and served on Masters, pursuant to 28 U.S.C. § 1446(d).

27. <u>Consent</u>. Because Comerica is the only defendant in this action (with Masters being the plaintiff), consent of other defendants is not necessary.

28. <u>Signature</u>. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

29. <u>Bond and Verification</u>. Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

30. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and the claims may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

31. In the event that Masters seeks to remand this case, or the Court considers remand *sua sponte*, Comerica respectfully requests an evidentiary hearing or other opportunity to submit such additional argument or evidence in support of removal as may be necessary.

WHEREFORE, Comerica respectfully requests that this action proceed in the United State District Court for the District of Montana as an action properly removed.

DATED this 27th day of August, 2015.

                CROWLEY FLECK PLLP

                By: /s/ *Mark L. Stermitz*
                    Mark L. Stermitz
                    305 South 4th Street East, Ste. 100
                    Missoula, MT  59801
                    *Attorneys for Comerica Bank*

# CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of August, 2015, a true and correct copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| __1__ | CM/ECF |
| ____ | Hand Delivery |
| _2, 3_ | U.S. Mail |
| ____ | Overnight Delivery Service |
| ____ | Fax |
| _2, 3_ | E-Mail |

1. Clerk of Court

2. Timothy B. Strauch
   STRAUCH LAW FIRM, PLLC
   257 West Front Street, Suite A
   Missoula, MT  5980

3. Ward E. Taleff
   Connor J. Murphy
   TALEFF LAW OFFICE, P.C.
   300 River Drive North, Suite 5
   P.O. Box 609
   Great Falls, MT 59403

/s/ *Mark . Stermitz*